**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 17-4715**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

BRENNAN CHRISTIAN, a/k/a Twin, a/k/a Trey,

          Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Leonie M. Brinkema, District Judge. (1:16-cr-00207-LMB-1)

Submitted: August 31, 2018                  Decided: September 10, 2018

Before KING and WYNN, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Mark Bodner, Fairfax, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Katherine E. Rumbaugh, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In accordance with the jury's verdict, Brennan Christian was convicted of conspiracy to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012). On appeal, Christian contends that the district court erred by denying motions to suppress evidence seized from a cell telephone and an apartment, denying his request for a hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978), admitting evidence of historical cell phone data, and denying his motion for a new trial. We affirm.

"We review the factual findings underlying a motion to suppress for clear error and the district court's legal determinations de novo." *United States v. Davis*, 690 F.3d 226, 233 (4th Cir. 2012). When the district court has denied a defendant's suppression motion, we review "the evidence in the light most favorable to the government." *Id.* "The duty of a reviewing court is simply to ensure that the magistrate had a substantial basis for concluding that probable cause existed." *United States v. Lull*, 824 F.3d 109, 115 (4th Cir. 2016) (alterations and internal quotation marks omitted). We conclude that the affidavits filed in support of the search warrants authorizing GPS tracking of Christian's phone and the search of an apartment connected with Christian support the magistrate judge's conclusion that probable cause existed for the warrants. We have reviewed the court's denial of Christian's request for a *Franks* hearing and find no error. *See United States v. Fisher*, 711 F.3d 460, 468 (4th Cir. 2013) (identifying burden on defendant to demonstrate need for *Franks* hearing).

2

We also find no error in the district court's decision not to suppress evidence seized after a search of historical cell cite records for Christian's phones. While the Supreme Court has recently ruled that acquisition of these types of records is a search within the meaning of the Fourth Amendment, *Carpenter v. United States*, 138 S. Ct. 2206, 2217, 2220 (2018), at the time of the search, law enforcement had an objectively reasonable good-faith belief that their conduct was lawful, *see United States v. Chavez*, 894 F.3d 593, 608 (4th Cir. 2018), *petition for cert. docketed*, __ U.S.L.W. __, (U.S. Aug. 9, 2018) (No. 18-5527). Thus, there was no reason for the court to suppress the evidence. *See United States v. Andrews*, 577 F.3d 231, 235 (4th Cir. 2009) (noting purpose of exclusionary rule is to deter police misconduct). Finally, we conclude that the court did not abuse its discretion in denying the motion for a new trial and forensic testing. *United States v. Garcia*, 855 F.3d 615, 619-20 (4th Cir. 2017) (stating standard of review). Christian could have requested the forensic testing prior to trial, but did not, and the Government's expert witness addressed the alleged discrepancies at trial. Christian fails to show that the interests of justice call for a new trial. *See* Fed. R. Crim. P. 33(a).

Accordingly, we affirm the conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*